Moore *v*. Real Estate Commission.

Argued September 13, 1971, before Judges CRUM-LISH, JR., MANDERINO and ROGERS, sitting as a panel of three.

*George R. Johnson*, with him *Donald E. Schlater, Johnson & Schlater*, for appellant.

*Steven Kachmar*, Assistant Attorney General, with him *J. Shane Creamer*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 11, 1971:

This is an appeal from an adjudication and order of the State Real Estate Commission dated January 26, 1971 by which appellant's real estate broker's license was suspended. Appellant contends, through counsel,

that she was neither given proper notice nor the opportunity to be heard because the Commission arbitrarily denied her motion to continue the hearing. In the factual situation herein considered, we agree that the continuance should have been granted.

Complaints against the appellant were filed in 1969 and served upon her shortly thereafter. Appellant's counsel promptly sent a formal letter of representation to the Commission and in it he requested that he be advised of the date and time of any formal hearing which the Commission proposed to hold. The Commission acknowledged receipt of this letter and assured counsel that he would "be advised of the Commission's action as promptly thereafter as is convenient."

Acting upon the complaint, the Commission issued a citation and scheduled a hearing for June 16, 1970. The Commission notified the appellant of the impending hearing but did not notify her counsel. Appellant, apparently under the assumption that the Commission would notify her counsel as it had represented, failed to contact her counsel until shortly before the hearing was to be held.

Having been advised by his client that the hearing was scheduled on the day he was to appear in Harrisburg to pass on important legislation in his capacity as a member of the State House of Representatives, he immediately sought the continuance.[1] The Commission summarily refused to grant the continuance because of the lateness of the hour. We hold that in these circumstances the Commission abused its discretion.

This is not to say that the Commission failed in its duty to comply with the technical requirement of notice to the appellant but that the Commission should have used better judgment in the exercise of its discre-

---

[1] Counsel's attempt to obtain a continuance the day before the hearing was prevented because the Commission was closed in commemoration of a legal holiday.

tion and allowed the continuance in the instant case. The Commission had assured counsel that it would notify him of any impending action. If it had done so, it would have had early advices of the very valid reason for his request and the inconvenience to witnesses would have been avoided. Neither appellant nor her counsel should be penalized for the Commission's omission.

Nor do we, by reversing the order of the Commission by which appellant's license was revoked, rule on the merits of that revocation. By deciding as we have, we hold that appellant should be afforded an opportunity to present evidence in support of her defenses, if any, and to cross-examine Commonwealth witnesses.

### ORDER

AND NOW, this 11th day of November, 1971, the order of the Pennsylvania State Real Estate Commission dated January 26, 1971, is hereby reversed and the matter is remanded to the Commission for hearing and consideration consistent with this opinion.