## Benford *v.* Real Estate Commission.

Argued December 6, 1972, before Judges Crumlish, Jr., Wilkinson, Jr., and Mencer, sitting as a panel of three.

*Edward Rubin,* with him *Hamburg & Rubin,* for appellant.

*Steven Kachmar,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., March 5, 1973:

The State Real Estate Commission by order dated April 18, 1972 revoked for an indefinite period appellant's license to practice as a real estate salesman.

Mr. Kenneth Grosse, a real estate broker who employed appellant as a licensed salesman, filed a complaint with the Commission.

In June of 1970, Mrs. Ordell Grosse, complainant's wife, discovered in the Montgomery County Legal Record that a suit had been instituted against appellant by the owner of a certain property which she knew was among her husband's accounts. Counsel informed Mrs.

Grosse that an agreement of sale had been negotiated by appellant for the sale of the property for $450,000 without the knowledge of either herself or her husband, and that the suit filed in Montgomery County was based on the allegation that the appellant had misrepresented himself as a broker.

Mrs. Grosse subsequently reviewed the agreement of sale and discovered that the appellant was listed as the *broker* negotiating the sale when in fact he was merely a *salesman*. This, of course, would give him the entire commission on the sale of this property.

The agreement of sale dated April 29, 1970 also provided for a down payment of $10,000. Although the agreement called for a $10,000 down payment, $5,000 in cash was delivered to appellant and the balance was secured by a note. Appellant held the down payment without delivering it to the broker until June 18, 1970 when the prospective purchaser of the property retrieved the down money from the appellant and delivered it to Mr. Grosse.

The citation charges that the appellant violated Section 10(a) of the Real Estate Broker's License Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. 440, subsections (1), (2), (5), (7) and (11)(ii) which read:

"10(a) The Commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty:

"(1) Of knowingly making any substantial misrepresentation; or

"(2)  Of knowingly making any false promise of a character likely to influence, persuade or induce; or

"(5)  Of any failure to account for, or to pay over moneys belonging to others, which have come into his, her or its possession arising out of real estate transaction; or

"(7)  Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty.

"(11)(ii)  Every real estate salesman promptly on receipt by him of a deposit or other moneys on any transaction in which he is engaged on behalf of his broker-employer, shall pay over the deposit to the real estate broker."

Appellant urges this Court to overrule the decision of the State Real Estate Commission because (1) the Commission erred in refusing the appellant's request for a continuance and in delaying the rendering of an order for a period of eight months, thus violated the requirements of due process; (2) the Commission lacked sufficient evidence to support their findings of fact and conclusions of law; and (3) the Commission abused its discretion in its imposition of the penalty.

We shall consider the appellant's contentions in order.

A continuance is a matter within the discretion of the Commission whose decision should not be disturbed unless its discretion is abused. *State Board of Medical Education and Licensure v. Williams*, 172 Pa. Superior Ct. 448, 94 A. 2d 61 (1953).

Appellant cites *Moore v. Real Estate Commission*, 3 Pa. Commonwealth Ct. 448, 283 A. 2d 319 (1971), as authority for its proposition that the Commission's denial of a request for a continuance was an abuse of discretion, and violative of the appellant's right to due process.

In *Moore, supra,* a request was made for a continuance because the attorney representing the appellant did not receive personal notice of the hearing and when notified by his client he could not attend the hearing because, as a member of the State Legislature, he was required to be in Harrisburg to pass on important legislation. This Court ruled that in that factual situation the Commission's refusal to grant a continuance was an abuse of discretion.

The facts in this case are clearly distinguishable from those in *Moore.* The appellant's reason for a continuance in this case, namely that his attorney planned a vacation for the hearing date is not of the same compelling nature as that in *Moore.* The appellant's argument is also diluted by the fact that his request was not made until a week before the hearing date.

The Commission did not abuse its discretion in denying appellant's request for a continuance.

In the same vein, the appellant argues that the Commission's eight-month delay between the hearing and the rendering of its decision severely prejudiced the rights of the appellant. The eight-month delay somehow lulled the appellant into a "false sense of security."

No authority is cited for this novel position and it is not persuasive. We encourage the Commission to prepare a proper adjudication with due haste, but we cannot fault the Commission for taking time to sift through the evidence to determine the appellant's guilt or innocence.

The second contention of the appellant is that there was not substantial evidence to support the Commission's findings of fact and conclusions of law.

Courts have defined substantial evidence to mean more than a mere scintilla but such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Pennsylvania Labor Relations Board v.*

*Kaufmann Department Stores, Inc.,* 345 Pa. 398, 29 A. 2d 90 (1942); *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971).

It is not necessary to examine in depth the evidence that sustains the findings of the Commission. A reading of the record discloses ample supporting evidence, albeit conflicting in nature. The true thrust of the appellant's argument is not that there was not substantial evidence to support the findings of the Commission but that the Commission failed to believe the appellant's explanation for what is termed his "indiscretions." It is clear that it is not the function of this Court to see if other findings could have been made, or to judge the credibility of the witnesses. *State Real Estate Commission v. Harris,* 184 Pa. Superior Ct. 667, 136 A. 2d 849 (1958). Such a responsibility lies with the Commission.

Likewise the second contention of the appellant is without merit.

Finally, appellant urges that the Commission abused its discretion in indefinitely revoking his salesman's license. With this we agree.

Section 10 of the Real Estate Broker's License Act, which appellant has violated, is penal in nature, *Trott v. Hild,* 190 Pa. Superior Ct. 85, 151 A. 2d 832 (1959), and the Commission can impose revocation or suspension of the license. However, the exercise of this discretionary power must be reasonable, and this Court is duty bound to correct any abuse of discretion in the imposition of the penalty.[1] *See Meitner v. State Real Estate Commission,* 1 Pa. Commonwealth Ct. 426, 275 A. 2d 417 (1971).

---

[1] Section 44 of the Administrative Agency Law of 1945, P. L. 1388, 71 P.S. 1710.44, authorizes this Court to set aside or modify the adjudication if it is not affirmed in full.

The Commission's penalty in this case is too severe. We recognize that the evidence presented against appellant is sufficient to sustain the Commission's finding of a violation of the provisions of the act herein involved. However, the evidence is not so gross as to warrant a permanent deprivation of the license which is appellant's source of livelihood.

This Court's determination that the penalty is too harsh is not based on sympathy for a wrongdoer, but on certain factors that, while not excusing the violation, do mitigate it. The complainant herein sought to withdraw his complaint after coming "into possession of additional evidence" which caused him for the first time to believe that appellant had not wilfully represented himself as a broker.

Testimony also indicates that by mutual consent appellant worked independently of the complainant in trying to close sales. When he was successful, appellant would then present the complainant with a completed deal. Although this does not excuse the appellant who had withheld checks and vital information, it mitigates the degree of the offense committed.

We say that the Commission would have been justified, on the evidence before it, to order a suspension of a license, but in these circumstances the revocation of the license was a clear abuse of discretion. *State Real Estate Commission v. Negoescu,* 87 Dauph. 297 (1967). Accordingly, we make the following

## ORDER

AND Now, this 5th day of March, 1973, the order of the State Real Estate Commission dated May 11, 1972 indefinitely revoking the license of Bryan Benford as a real estate salesman is modified and said license issued to him is suspended for one year, to begin on a date fixed by the State Real Estate Commission.