In the Matter of the Suspension or Revocation of Real Estate Broker's License #19697, Issued To: Gary D. Reihart, Gary D. Reihart, Appellant.

Argued September 10, 1976, before Judges CRUM-LISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Richard L. Kearns,* with him *Thomas D. Caldwell, Jr.,* and *Caldwell, Clouser & Kearns,* for appellant.

*William Wheeler, Jr.,* Assistant Attorney General, with him *Hyacinth Collins,* Deputy Attorney General, and *Charles Ford,* Chief Counsel, for appellee.

OPINION BY JUDGE WILKINSON, September 30, 1976:

In January of 1973 a property in East Berlin, Pennsylvania, was listed for sale with Gary D. Reihart, Inc., a real estate firm. In February of 1973, the complainant in the instant case contacted a real estate agent, Mrs. Elizabeth Davenny, who was associated with a real estate agency other than the listing agency, and arrangements were made for the complainant to view the property. On February 13, 1973, the com-

plainant signed an agreement of sale prepared by agent Davenny. The agreement was contingent on financing within six months.

On February 17, 1973, because appellant found the earlier agreement unsatisfactory, complainant signed a new agreement prepared by appellant which did not contain a mortgage financing clause but which did contain a warning regarding the septic system which was absent from the earlier agreement. On February 22, complainant signed yet another set of articles of agreement, called for in the February 17 listing, which repeated the septic tank warning but omitted any financing conditions.

The property was unsuitable for a subsurface sewage disposal system and the existing septic system was completely inoperable. These conditions made financing unobtainable and put complainant in a position to lose his down payment.[1] Pursuant to the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended*, 63 P.S. §431 et seq., complainant filed a complaint with the State Real Estate Commission (Commission), and a citation, dated January 28, 1975, was issued against Gary D. Reihart, Inc., Gary D. Reihart and Elizabeth Davenny. After a hearing, the Commission suspended appellant's real estate license for 60 days and took no action against the other parties cited.

Appellant's license was suspended under Section 10(a)(7) of the Real Estate Brokers License Act, 63 P.S. §440(a)(7):

"(a) The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real

---

[1] Complainant was in a position to lose $4,600.00.

estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty.

. . . .

"(7) Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith or dishonesty."

Appellant contends there is no substantial evidence in the record supporting the conclusion that his actions displayed incompetence or bad faith. Although it is controverted, there was evidence that appellant told the complainant that the septic system problem only required the securing of a permit from the township, which was a mechanical procedure. A careful review of the record satisfies us that there is ample basis on which the Commission made its findings and it is beyond our scope of review to consider the credibility of the testimony. *State Real Estate Commission v. Miller*, 21 Pa. Commonwealth Ct. 483, 346 A.2d 861 (1975).

Appellant further contends the Commission abused its discretion in suspending his license. There is no question that this Court may, in the proper case, correct any abuse of discretion by the Commission. *Benford v. Real Estate Commission*, 8 Pa. Commonwealth Ct. 89, 300 A.2d 922 (1973); *Meitner v. State Real Estate Commission*, 1 Pa. Commonwealth Ct. 426, 275 A.2d 417 (1971). However, in the instant case we find no abuse of discretion.

Accordingly, we will enter the following

ORDER

Now, this 30th day of September, 1976, the order of the State Real Estate Commission, dated November

24, 1975, suspending License No. 19697 held by Gary D. Reihart, for a period of sixty (60) days, is hereby affirmed.