James J. Shober, III, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Anthony J. Lumbis,* with him *Robert G. Decker,* for petitioner.

*Joseph S. Rengert,* Counsel, with him *James J. Kutz,* Chief Counsel, and *David F. Phifer,* General Counsel, for respondent.

OPINION BY JUDGE MENCER, October 6, 1981:

James J. Shober III (Shober) has appealed here from the revocation of his real estate broker's license. The State Real Estate Commission (Commission) issued its revocation order on April 18, 1980. The Commission found violations by Shober of Section 10, subsection (a), paragraphs (5), (7), (11)(i), and (11)(v) of the Real Estate Broker's License Act (Act),[1] which provided:

---

[1] Act of May 1, 1929, P.L. 1216, *as amended, formerly* 63 P.S. §440(a)(5), (7), (11)(i), (v), repealed by Section 901 of the Real Estate Licensing Act, Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §455.901. A similar provision is now found in Section 604 of the Real Estate Licensing Act, 63 P.S. §455.604.

(a)   The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty,

. . . .

(5)   Of any failure to account for, or to pay over, moneys belonging to others, which has come into his, her, or its possession arising out of a real estate transaction; or

. . . .

(7)   Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty;

. . . .

(11)   Of failure to comply with the following requirements:

(i)   All deposits or other moneys accepted by every person, copartnership, corporation or association, holding a real estate broker's license under the provisions of this act, must be retained by such real estate broker pending consummation or termination of the transaction involved, and shall be accounted for in the full amount thereof at the time of the consummation or termination.

. . . .

(v)   Every real estate broker shall keep records of all funds deposited therein, which rec-

ords shall indicate clearly the date and from whom he received money, the date deposited, the dates of withdrawals, and other pertinent information concerning the transaction, and shall show clearly for whose account the money is deposited and to whom the money belongs. All such records and funds shall be subject to inspection by the commission. Such separate custodial or trust fund account shall designate the real estate broker, as trustee, and such account must provide for withdrawal of funds without previous notice.

Our scope of review in this case is limited to determining whether the Commission abused its discretion, committed an error of law, or made findings of fact not based on substantial evidence. *Meth v. State Real Estate Commission*, 14 Pa. Commonwealth Ct. 203, 321 A.2d 221 (1974).

Our reading of the record convinces us that there is substantial evidence to support the Commission's findings which may be summarized in narrative form as follows:

Shober obtained his real estate license in June 1971 and his real estate broker's license in 1974. In January 1976, he was asked to become the broker for a marketing company doing business as Terracor. Terracor marketed and advertised for developers of real estate and had contracted to market real estate for Smoke Ridge Village.

Shober was paid $200 a week without commissions or regard to the volume of sales. He had no contact with prospective purchasers but went to the development once a week to sign checks which a secretary prepared. Terracor advertised the real estate development through direct mailing and phone soliciting and needed a broker of record to maintain an escrow account for purchase deposits and to insure that all

salesmen working for it were licensed with the Commission.

In the late summer or early fall of 1976, Shober became aware of simulations of his signature on certain checks. The earliest check with a simulated signature was dated February 20, 1976. This came to Shober's attention when he called the secretary and instructed her to draw a check so that a customer could obtain a refund of deposit moneys and was informed that there were not sufficient funds in the escrow account. In an effort to prevent losses to persons who were unable to obtain refunds, Shober paid back $8,000 of his own money. However, approximately $98,000 had been improperly disbursed from the escrow fund which was under his control as the broker of record. Shober admits that he allowed the secretary to handle all funds and prepare all checks for his signature without direction and supervision and totally relied upon her know-how to manage escrow and payroll accounts.

Accordingly, as to the first question raised by Shober in this appeal, we must reject his contention that there is not sufficient evidence and findings of fact for the Commission to base its conclusion of law that he demonstrated incompetency in the instant matter. There is substantial evidence of record to establish that Shober failed to adequately supervise the handling of the escrow funds entrusted to him as a broker. As a consequence, he was unable to, and failed to, account for, or pay over, moneys which were intended to be held in escrow. Likewise, Shober failed to maintain required escrow records but merely assumed that a secretary's willingness to handle escrow money was a fulfillment of his responsibility as a broker.

The only other question raised here by Shober is whether the Commission erred in imposing a revocation of his broker's license as a sanction. We find merit in Shober's contention in this regard.

In one of the first reported cases of this Court, *Meitner v. State Real Estate Commission,* 1 Pa. Commonwealth Ct. 426, 275 A.2d 417 (1971), we held that Section 10 of the Act is penal in nature and the Commission can impose suspension or revocation of the license but, if there is a manifest abuse of discretion in the imposition of the penalty, this Court is duty bound to order a reconsideration so that justice will prevail.

In *Benford v. Real Estate Commission,* 8 Pa. Commonwealth Ct. 89, 300 A.2d 922 (1973), we modified an order of the Commission, which revoked the license of a real estate salesman, to a suspension of the license for 1 year. In doing so, we stated:

The Commission's penalty in this case is too severe. We recognize that the evidence presented against appellant is sufficient to sustain the Commission's finding of a violation of the provisions of the act herein involved. However, the evidence is not so gross as to warrant a permanent deprivation of the license which is appellant's source of livelihood.

This Court's determination that the penalty is too harsh is not based on sympathy for a wrongdoer, but on certain factors that, while not excusing the violation, do mitigate it.

*Id.* at 95, 300 A.2d at 925. *See Jones v. State Real Estate Commission,* 47 Pa. Commonwealth Ct. 236, 407 A.2d 922 (1979).

The certain factors that mitigate the penalty in the instant case are the Commission's conclusion of law that "[t]he evidence fails to show that the Respondent [Shober] acted in bad faith or dishonestly in connection with a real estate transaction" and the fact that the moneys improperly removed from the escrow account were removed by forged signatures and not by

any action of Shober,[2] who, upon learning of the wrongdoing by others, contributed $8,000 of his own funds in an attempt to correct the wrong and who, at all times, cooperated fully with the ensuing investigations.

Accordingly, we will modify the Commission's order to provide for a 2-year suspension.

ORDER

AND Now, this 6th day of October, 1981, the order of the State Real Estate Commission, dated April 18, 1980, revoking the real estate broker's license No. RB-027276-A issued to James J. Shober III, is modified, said license to be suspended for 2 years, to begin on a date fixed by the State Real Estate Commission, with credit for time, if any, during which the license has been revoked. As so modified, the said order of the State Real Estate Commission is affirmed.

---

[2] The Commission, in its adjudication, stated that it believed that Shober "was victimized, in part, by the machinations of other parties," and our reading of the record convinces us likewise.