Ronald C. Smith, d/b/a Century 21, R. C. Smith, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

108

Submitted on briefs June 7, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Mark Yaskin,* for petitioner.

*Joseph S. Rengert,* Counsel, with him *James J. Kutz,* Assistant Counsel, and *David F. Phifer,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 17, 1982:

Ronald C. Smith, d/b/a Century 21; R. C. Smith (petitioner) appeals an order of the Real Estate Commission (Commission) suspending his license for one year for knowingly making substantial misrepresentations to a customer and engaging in conduct in connection with a real estate transaction which demonstrated incompetency, bad faith or dishonesty.[1]

---

[1] Sections 10(a)(1) and (7) of the Real Estate Brokers License Act (Act), Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §§440(a)(1) and (7), repealed and replaced by the Act of February 19, 1980, P.L. 15, 63 P.S. §§455.101-455.902. Section 10(a) of the Act, which was in effect and controls here, provides in pertinent part as follows:

> (a) The Commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful acts or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty.

> (1) Of knowingly making any substantial misrepresentation; or

> ....

> (7) Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty....

And, pursuant to the Act, 49 Pa. Code §35.103 was promulgated:

> No broker shall make representations to give assurances or advice concerning any aspect of a real estate transaction which he knows or should know to be incor-

The following is a summary of the relevant facts found by the Commission. In the spring of 1977, Lydia Gravesen engaged the petitioner to sell her house in connection with a property settlement agreement, and soon thereafter he sold the house to his alleged business associate, Eric Lipnak. Following this sale, the petitioner approached Ms. Gravesen about selling her a house which he and his wife owned. Ms. Gravesen outlined her requirements for a new home and specified that the home had to be in good condition because she had no ability to make repairs and further noted that the home must have a good roof.[2] The petitioner assured Ms. Gravesen that "he had just the house ... that he and Mr. Lipnak were neighbors and they fixed houses up and they would fix (this one) up to (her) needs." He also said that the roof was in "A-one condition." Ms. Gravesen inspected the property, which had been freshly painted white throughout, approximately four times before she purchased it. On September 1, 1977, she entered into an agreement of sale with the petitioner for a total price of $42,000 which included, as set forth in the agreement, $2000 earmarked for the installation of a driveway. The petitioner then hired a contractor to install a driveway but the work was never completed although the petitioner did pay $688 of the $2000 to the contractor. The petitioner refused to refund the balance to Ms. Gravesen, and within two months after settlement, the roof began leaking and ultimately required $1300 worth of repairs to correct.

Our scope of review in this matter is limited to a determination of whether or not the order of the Commission was supported by substantial evidence in the

---

[2] The Commission in its decision noted that "[t]he roof was critical to [her] because she complained to the [petitioner that] a bad roof on her home was why her former house was sold so cheaply."

record or an error of law was committed. *Yingling v. State Real Estate Commission*, 8 Pa. Commonwealth Ct. 556, 304 A.2d 524 (1973). The petitioner first argues that substantial evidence does not exist in the record sufficient to support the suspension of his license. Our review of the record leads us to agree with this argument *only* as to an absence of substantial evidence to support the Commission's finding that he had, under Section 10(a)(1) of the Act, *"knowingly* [made] any substantial misrepresentations," *Id.* Although it is undisputed that he made a "substantial misrepresentation," the only evidence in the record which the Commission argues proves he *knowingly* did so is: testimony by Mr. Lipnak that he and another workman hired by the petitioner, Paul Houghealing, were "concerned about a couple of loose shingles" prior to the sale; testimony by a person who resided in the house prior to the petitioner's purchasing it that some brown water marks or wet spots were noticable; testimony by the broker who sold the house to the petitioner that he had noticed some water marks but assumed that they were from open windows; and, testimony by a roofing expert who, after examining the roof approximately two years after Ms. Gravesen purchased it, stated that it had needed work for a "few" years but that he could not specify exactly how long the problem had existed.

Initially, we note no evidence in the record which indicates that the petitioner ever inspected the roof, had otherwise worked upon the house, or had ever resided there. Concerning Mr. Lipnak's testimony, even though the Commission found that some type of business relationship[3] existed between the petitioner

---

[3] The Commission did not specify the nature of this relationship.

and him, we are reluctant to impute[4] his knowledge of the roof's condition, or that of anyone else, to the petitioner in the absence of any evidence in the record that such "knowledge" was communicated to the petitioner prior to his making of the representations to Ms. Gravesen. Regarding the testimony of the former tenant, we note no evidence in the record that establishes that the marks he described were present when the petitioner bought the house or that the former owner did not paint or repair such condition. As to the testimony of the petitioner's broker, we do not believe his statements sufficient to support a finding that the petitioner actually knew that the roof was the source of the water marks when he himself attributed the marks to "windows being open." And, as for the testimony by the roofing expert, which was non-specific as to when the leaking problem started, we believe that it clearly is not substantial evidence which would support a finding that the petitioner knew the roof was in poor condition but merely suggests that the roof might have been in poor condition at the time the representations were made.

Finding an absence of substantial evidence, which has been defined as "more than a mere scintilla but such relevant evidence as a reasonable mind might accept as *adequate* to support a conclusion," establishing that the petitioner knowingly[5] misrepresented the roof's

---

[4] We note that we are only concerned with the petitioner's status as a licensed realtor and that this is not a civil suit for damages where knowledge held by a joint adventurer, partner, or employee might arguably be imputed to a fellow adventurer, partner, or employer respectively.

[5] Possibly, the petitioner's statement that the roof was in "A-1 condition" might constitute a "knowing" misrepresentation of his knowledge of the roof's condition in that it may have lead Ms. Gravesen to believe that he had inspected the roof. The Commission, however, stated in its decision that the petitioner "misrepresented the condition of the roof [and that] ... the evidence

condition, we must, therefore, reverse the Commission's finding that the petitioner violated Section 10(a)(1) of the Act. *Benford v. Real Estate Commission*, 8 Pa. Commonwealth Ct. 89, 93, 300 A.2d 922, 925 (1973) (emphasis added).

We do believe, however, that substantial evidence exists in the record which would support the Commission's conclusion that the petitioner was guilty of violating Section 10(a)(7) of the Act which allows the Commission to suspend or revoke the license of a real estate broker or salesman for: "any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty...." *Id.* For instance, the record shows that, at the hearing held below in this matter, the petitioner admitted being paid $2000 by Ms. Gravesen, as part of the sale agreement, for the construction of a driveway, that such project was not completed, and that he still had the balance[6] in his account. We agree with the Commission that this action constitutes "bad faith" if not "incompetency" or "dishonesty" under Section 10(a)(7) of the Act. Additionally, it is uncontroverted in the record that the petitioner represented to Ms. Gravesen that the roof of the house herein concerned was in "A-one condition" and that she had specifically requested a home with a good roof. Thus, we are again compelled to agree with the Commission that

---

was clear and convincing that the roof was in poor condition at the time of the sale." Thus, we note that the Commission did not find him guilty, under Section 10(a)(1) of the Act, of knowingly misrepresenting that he had inspected or had someone check out the roof and that it was in good condition; rather, it found him guilty of actually knowing that the roof leaked and that with such knowledge he made the misrepresentation. Our review is confined accordingly to this issue.

[6] Approximately $1312.

the petitioner by so acting demonstrated at least "incompetency" or perhaps "bad faith" under Section 10(a)(7) of the Act even if such representations were not made knowingly.[7] We will therefore affirm the Commission's finding that the petitioner violated Section 10(a)(7) of the Act.

The petitioner next argues that the Commission's hearing examiner committed errors prejudicial to him by allowing certain photographs of the water damage caused by the leaky roof into evidence and by excluding two letters offered by the petitioner.

The photographs, which the petitioner alleges are incompetent and prejudicial, were taken approximately two years after Ms. Gravesen purchased the house. While we might question their probative value, we do not, however, believe that the allowance of these photographs into evidence was prejudicial to the petitioner. Testimony in the record clearly indicates, and would have alerted both the hearing examiner and the Commission, that the photographs *did not* reflect the condition of the property at the time of the alleged complaint and that Ms. Gravesen had not made any attempt to fix any of the leaks prior to taking these photographs.[8]

Concerning the hearing examiner's refusal to admit into evidence the two letters from two workmen who performed work on the property, we find no error in such exclusion where, as here, hearsay evidence was properly objected to. *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979).

---

[7] We note, as did the Commission, that 49 Pa. Code §35.103 provides as follows: "No broker shall make representations to give assurances or advice concerning any aspect of a real estate transaction which he knows or should know to be incorrect, inaccurate or improbable."

[8] We note that the decision below neither refers to or relies upon the photographs.

Inasmuch as the Commission has based its decision to suspend the petitioner's license for one year on the basis of two violations of Section 10(a) of the Act, and insofar as we have found substantial evidence existing to support only the Section 10(a)(7) violation, we will accordingly affirm in part and reverse in part the Commission's order and remand this matter for reconsideration of the penalty imposed.

ORDER

AND, Now, this 17th day of September, 1982, the order of the Real Estate Commission in the above-captioned matter is hereby affirmed insofar as it finds the petitioner guilty of violating Section 10(a)(7) of the Act, 63 P.S. §440(a)(7), and is hereby reversed insofar as it finds him guilty of violating Section 10(a)(1) of the Act, 63 P.S. §440(a)(1), and this matter is remanded to the Commission for reconsideration of the penalty imposed.