513 A.2d 555

Edward F. Dougherty, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Argued June 12, 1986, before Judge MacPhail, Senior Judges Rogers and Barbieri, sitting as a panel of three.

*Marjorie C. Lawrence,* with her, *Fred J. Silverman, Silverman and Lawrence,* for petitioner.

*Steven Wennberg,* Assistant Counsel, with him, *Joyce McKeever,* Chief Counsel, Professional and Occupational Affairs, and *David F. Phifer,* Chief Counsel, Department of State.

OPINION BY JUDGE MACPHAIL, July 31, 1986:

Edward F. Dougherty (Dougherty) petitions for review of an order of the Pennsylvania State Real Estate Commission (Commission) suspending his real estate broker's license for a period of one year for violations of the Real Estate Licensing and Registration Act (Act), Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §§455.101—455.902. We will affirm.

Dougherty is the sole proprietor of Edward F. Dougherty Realtors (realty company). John McNamara, Jr. was employed by the realty company as a licensed salesperson. Michael and Donna Orzechowski (Purchasers) contacted McNamara for the purpose of purchasing a home offered for sale by the Veterans Administration (VA). They found one that they liked on Vista Street in Philadelphia and the Purchasers entered into the standard VA "Credit Statement of Prospective Purchaser and Contract of Sale" (contract). That contract provided, *inter alia,* that the home was being sold "as is" and with no VA warranties, express or implied. McNamara did not give the Purchasers an opportunity to read the contract but instead explained to the Purchasers what was in the contract. He specifically omitted any mention of the fact that the home was being sold "as is".

After the VA rejected that offer, McNamara showed the Purchasers a home on Wyndom Road, also in Philadelphia, offered by the VA. Although this home was also

being sold "as is", McNamara represented to the Purchasers that the VA had guaranteed the roof, electrical wiring, plumbing and heating. The Purchasers made an offer on the home but did not sign the standard contract. The VA accepted this offer, and settlement occurred on June 24, 1980.

Two weeks after they moved in, there was a severe storm and the Purchasers noticed water stains in the house. The Purchasers contacted a roofer, and his examination revealed that the roof was seventeen or eighteen years old and in need of replacement. The Purchasers promptly notified the VA and inquired about the roof warranty. The Purchasers were then informed, for the first time, that the house had been sold with no warranties.

The VA files contained a contract for the Wyndom Road property dated May 12, 1980 containing the alleged signatures of the Purchasers. The contract was purportedly signed by Dougherty, although Dougherty testified that he did not sign his name to the contract of sale and that the handwriting appeared to be that of McNamara, who had the authority to sign Dougherty's name in emergencies. The file also included a letter dated May 23, 1980, typed on the realty company's stationery which stated that the Purchasers inspected the house on Wyndom Road and "agree to accept it in its present condition". The letter also stated that the Purchasers are "fully aware that the Veterans Administration will make no repairs of any kind before or after settlement." The signatures on both the May 12, 1980 contract and May 23, 1980 letter were forged.

The Commission issued a Citation and Notice of Hearing against both Dougherty and McNamara, and after a hearing, found McNamara in violation of Section 604(a)(1) of the Act, 63 P.S. §455.604(a)(1) (substantial misrepresentation), Section 604(a)(20), 63 P.S. §455.604

(a)(20) (bad faith, incompetence), and 49 Pa. Code §§35.103, 35.107 (incorrect, inaccurate or improbable representations). The Commission ordered McNamara's real estate salesperson's license suspended for one year. McNamara did not appeal from the Commission's order.

The Commission found that Dougherty failed to exercise adequate supervision and control over McNamara's dealings with the Purchasers in violation of Section 604(a)(16) of the Act, 63 P.S. §455.604(a)(16) and 49 Pa. Code §35.106(a). Section 604(a)(16) of the Act provides that the commission has the power to revoke or suspend a license where the broker licensee is found guilty of "failing to exercise adequate supervision over the activities of his licensed salespersons . . . within the scope of this act." The Commission further found that Dougherty's inadequate supervision of McNamara amounted to incompetency in connection with a real estate transaction in violation of Section 604(a)(20) of the Act. The Commission, however, specifically found that Dougherty did not have "actual knowledge" of McNamara's misrepresentations and therefore did not find a violation pursuant to Section 702(a) of the Act, 63 P.S. §455.702(a).

The Commission noted that the forgeries were committed either by McNamara and/or Dougherty, but could not enter a finding ascribing the identity of the forger without resorting to speculation.

The Commission ordered the real estate broker's license of Dougherty suspended for one year. In the "Discussion" portion of its Adjudication, the Commission wrote:

> The Commission next considers the appropriate penalty to impose in this case. The Commission is of the view that Respondents' violations are very serious, for they raise grave doubts about McNamara's ethical scruples and Dough-

'erty's ability to supervise and control his employees. Further, because the forgeries and the proven violations of the Act stemmed from the same real estate transaction, the Commission regards the fact of such forgeries as an aggravating circumstance that offsets any consideration of leniency based on the previously unblemished disciplinary record of McNamara and Dougherty. The Commission considers a lengthy period of suspension an appropriate penalty under the circumstances.

Adjudication at 17.

Dougherty contends that the Commission committed an error of law in finding that he failed to adequately supervise McNamara.

Section 702(a) of the Act provides:

(a) No violation of any of the provisions of this act on the part of any salesperson, associate broker, or other employee of any licensed broker, shall be grounds for the revocation or suspension of the license of the employer of such salesperson, associate broker, or employee, unless it shall appear upon the hearings held, that such employer had actual knowledge of such violation.

It is Dougherty's position that because the Commission found that Dougherty did not have actual knowledge of McNamara's misrepresentations, these misrepresentations, pursuant to Section 702(a) of the Act, could not be used as grounds for the suspension of his license under Section 604(a)(16) of the Act. Dougherty contends that the Commission places him in a "catch-22" situation: "[h]e was found not to have had actual knowledge of the salesman's wrongdoing and yet he is blamed for failure to have prevented it." Dougherty's Brief at 13. Dougherty claims that he reviewed "most" of all the documents

handled in the office and that he could not be expected to supervise his salespeople all of the time.

The Commission found that Dougherty failed to exercise adequate supervision and control over McNamara's dealings with the Purchasers. It was Dougherty's responsibility as broker to review *all* documents pertaining to the sale of property, not just "most" or "some". To hold that Dougherty could not be found to have failed to adequately supervise his employee because he did not know his employee was doing anything wrong and needed "supervision" would be absurd. Rather, we believe the converse to be true: Dougherty's ignorance of McNamara's conduct stemmed from Dougherty's failure to adequately supervise McNamara. It was Dougherty's *lack* of knowledge of McNamara's misconduct, rather than the misconduct itself, which serves as the basis for the Commission's finding.

Dougherty contends next that the Commission abused its discretion in suspending his real estate broker's license for one year. He avers that because he had no way of identifying the forger, he himself was a "victim" and the Commission should have taken that fact into account. *See Shober v. State Real Estate Commission,* 62 Pa. Commonwealth Ct. 110, 435 A.2d 284 (1981). In *Shober,* this Court modified an order of the Commission which revoked the license of a real estate broker. We found certain factors, encompassed in the Commission's findings of fact, which mitigated the penalty to provide instead for a two year suspension. *See also Meitner v. State Real Estate Commission,* 1 Pa. Commonwealth Ct. 426, 275 A.2d 417 (1971) (if there is a manifest abuse of discretion in imposition of penalty, Commonwealth Court is duty bound to order a reconsideration). In the case *sub judice,* the Commission, as we have noted, gave due regard to the mitigating circumstances and imposed a suspension rather than a

revocation. We do not view the Commission's action here to be a manifest abuse of discretion.

Finding neither an error of law nor an abuse of discretion, we are obliged to affirm the Commission's order.

### ORDER

The Adjudication and Order of the State Real Estate Commission in the above-captioned case is hereby affirmed.