**Fred GIBBONS, t/d/b/a RE/MAX Real Estate Services, Petitioner**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, State Real Estate Commission, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.

Decided April 9, 2007.

Ronald M. Buick, McKeesport, for petitioner.

Judith Pachter Schulder, Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge,
FRIEDMAN, Judge, and KELLEY,
Senior Judge.

OPINION BY Judge COLINS.

Fred Gibbons (Petitioner) petitions for review from a final adjudication and order of the State Real Estate Commission (Commission) that required Petitioner to pay a fine and suspended his real estate broker's license for violating Section 604(a)(16) of the Real Estate Licensing and Registration Act (Act).[1]

Petitioner is a licensed real estate broker in Pennsylvania and functions as the broker of record of his sole proprietorship, RE/MAX Real Estate Services (RE/MAX). Petitioner employed Richard K. Russ (Russ) as a licensed real estate salesperson.

In May 2003, Lisa Johnson (Johnson) contacted Russ about the purchase of a commercial property. In response to Johnson's interest in the property, Russ instructed Johnson to write a check, payable to Russ's wife, in the amount of $1500. Based on prior dealings, Johnson issued the check indicating that it was for "hand money." Russ's wife, who has never been a licensee of the State Real Estate Commission, deposited the check in her personal account.

In June 2003, Johnson signed an offer to purchase property. Russ prepared the offer, which listed RE/MAX as the selling broker and provided that, "$1,500.00 cash in advance is non-refundable and will be given to such broker to start as a 'transaction licensee' for both buyer and seller. And $1,000.00 to be held as hand money for the sale of above said property. This

1. Act of February 19, 1980, P.L. 15, *as*     *amended,* 63 P.S. § 455.604(a)(16).

total will be deducted from the gross sale price." (Exhibit C–1). At the time Russ presented the offer for Johnson's signature, Johnson had not signed a business relationship agreement setting forth the amount and basis of fees to be paid to RE/MAX for the services it rendered in the transaction. Russ never tendered Johnson a fully-signed Agreement of sale, and the transaction never made it to settlement. Thereafter, Johnson asked Russ and Petitioner to return her $1500, and both refused.

Russ never delivered Johnson's $1500 to Petitioner. Russ never provided Petitioner with a copy of the offer or a copy of any other document relating to the transaction. Russ never advised nor notified Petitioner of his involvement in the transaction.

The matter went before the Commission on separate notices and orders to show cause. Petitioner's notice and order charged him with five counts of failure to supervise Russ in violation of Section 604(a)(16) of the Act, 63 P.S. § 455.604(a)(16).[2] Section 604(a)(16) provides the Commission with the power to suspend or revoke the license of a broker licensee, levy fines up to $1000.00, or both, for "failing to exercise adequate supervision over the activities of his licensed salespersons or associate brokers within the scope of this act." After a formal hearing, the hearing examiner recommended a 30–day suspension of Petitioner's license plus the assessment of a $3,000 civil penalty.[3] Petitioner filed Exceptions to the Proposed Adjudication and Order. After review, the Commission adopted the

hearing examiner's Findings of Fact, Conclusions of Law, and the Proposed Adjudication and Order as its Final Adjudication and Order.

Petitioner now appeals the Commission's Order. Our scope of review of the Commission's determination is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. 2 Pa.C.S. § 704.

■ With his initial argument, Petitioner asserts that the Commission's Order suspending his license was in error because the evidence of record indicates that he did not have actual knowledge of the real estate transaction until three and one half months after it occurred. Petitioner relies on Section 702(a) of the Act, which provides:

> No violation of any of the provisions of this act on the part of any salesperson, associate broker, or other employee of any licensed broker, shall be grounds for the revocation or suspension of the license of the employer of such salesperson, associate broker, or employee, unless it shall appear upon the hearings held, that such employer had actual knowledge of such violation.

63 P.S. § 455.702(a). The Commission counters that our decision in *Dougherty v. Commonwealth, State Real Estate Commission,* 99 Pa.Cmwlth. 397, 513 A.2d 555 (1986), *appeal denied,* 515 Pa. 587, 527 A.2d 547 (1987), is directly on point and controls this issue.

---

**2.** Russ was charged with violating 63 P.S. § 455.604(a)(1) (making a substantial misrepresentation), 63 P.S. § 455.604(a)(5)(ii) (failing to pay over a deposit to the broker), 63 P.S. § 455.604(a)(20) (demonstrating bad faith, dishonesty), 63 P.S. § 455.604(a)(25) (failing to account for money received in a timely manner), and 63 P.S. § 455.604(a)(25);

63 P.S. § 455.606a(b)(1) (performing a service and recovering a fee without a signed agreement).

**3.** The hearing examiner also recommended a 90–day suspension and a $5,000 civil penalty for Russ.

In *Dougherty*, we held the Commission need not establish that a broker have actual knowledge of a salesman's misconduct in order to discipline the broker under Section 604(a)(16) of the Act. *Id.* at 558. There, a broker's salesman misrepresented the terms of a contract for the sale of property. The broker claimed that he reviewed most, but not all of the documents pertaining to the sale. The Commission imposed a one year suspension of the broker's license for failing to adequately supervise his salesperson in violation of Section 604(a)(16) of the Act. On appeal, the broker argued that because the Commission found that he did not have actual knowledge of the salesman's misrepresentations, the misrepresentations, pursuant to Section 702 of the Act, could not provide the basis for his suspension under Section 604(a)(16) of the Act. Rejecting this argument, we explained that the broker had a responsibility to review all of the documents pertaining to the sale, and the broker's ignorance of the salesman's misconduct stemmed from this failure to adequately supervise the salesman. It was the broker's lack of knowledge of the salesman's misconduct, rather than the misconduct itself, that served as the basis for the Commission's determination.

Similarly, it was Petitioner's ignorance of Russ's misconduct, as opposed to Russ's actual misconduct, that served as the basis for the Commission's determination. The fact that Petitioner did not have actual knowledge of Russ's activities underscores the point of the Commission's determination; Petitioner had a duty to inform himself of Russ's activities. Petitioner, however, testified that Russ generally operated independent of Petitioner's supervision and Petitioner only involved himself in Russ's transactions after Russ obtained hand money and a signed agreement of sale. (N.T. p. 118–120). Citing Petitioner's indifferent approach to supervision, the Commission determined that Petitioner failed to adequately supervise Russ in violation of 604(a)(16) of the Act. Because that determination was based on Petitioner's ignorance of Russ's misconduct, the Commission was not required to prove that Petitioner had actual knowledge of the misconduct.

Next, Petitioner argues that substantial evidence does not exist to support a finding that Russ engaged in a real estate transaction that required Petitioner's supervision. Specifically, Petitioner challenges the Commission's determination that the $1,500 check deposited into Russ's wife's checking account was "hand money" and not an appraisal fee. Substantial evidence is such relevant evidence that a reasonable person would consider adequate to support a conclusion. *Carbondale Area School District v. Fell Charter School*, 829 A.2d 400, 404 (Pa.Cmwlth. 2003). The Commission stated that:

> the record does not support either of Respondents' [sic] claims that Respondent Russ was not acting in a capacity of a real estate licensee. The record is devoid of any evidence that an appraisal was paid for or performed on the property. Respondent Russ did not introduce into evidence a copy of the check used to pay for the appraisal, a document reflecting that he ordered the appraisal, an appraisal report from the appraisal company or a receipt showing payment from the appraisal company. Similarly, Respondent Russ did not introduce any evidence that he was acting as a mortgage broker or financial consultant.

> Conversely, the record contains confirmatory evidence that Respondent was acting in the capacity of a real estate licensee. Not only does Paragraph 3(b) of the Agreement of Sale specifically

address monies paid by Ms. Johnson in connection with the real estate transaction, but Ms. Johnson's notation on her check indicated that she intended the money to be used as hand money. (Exhibit C–1). Additionally, pursuant to the definition of a salesperson, Respondent Russ met with Ms. Johnson to discuss her interest in purchasing a specific property and prepared an offer to purchase on Ms. Johnson's behalf. Absent documentary evidence from Respondent Russ, the weight of the evidence tips exclusively in favor of Respondent Russ' representation as a real estate licensee.

(Final Adjudication and Order of the State Real Estate Commission, Docket No. 0265–56–05, p. 5, 6). The Commission's analysis accurately reflects the testimony and evidence presented and, as such, identifies substantial evidence to support that necessary finding. Accordingly, we affirm the Commission's order.

### ORDER

AND NOW, this 9th day of April 2007, the order of the State Real Estate Commission in the above-captioned matter is affirmed.