Audette T. Gelinas, Appellant *v.* Commonwealth of Pennsylvania, Insurance Department, Appellee.

Submitted on briefs, September 13, 1976, to Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Joshua D. Lock,* for appellant.

*John H. Isom,* Assistant Attorney General, with him *Andrew F. Giffin,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 17, 1976:

Audette T. Gelinas (Appellant) appeals an adjudication of the Insurance Commissioner (Commissioner) suspending her insurance agent license for six (6) months and imposing a $1,000 fine.

Commissioner imposed the suspension and fine after concluding that Appellant had violated Section 638 of The Insurance Department Act of 1921[1] (Act), 40 P.S. §278, which provides:

> No agent or solicitor of any insurance company, association, or exchange, and no insurance broker . . . shall make any misrepresentation or incomplete comparison of policies, oral, written, or otherwise to any person insured in any company . . . for the purpose of inducing or tending to induce a policyholder in any company . . . to lapse, forfeit, or surrender his insurance therein, and to

---

[1] Act of May 17, 1921, P.L. 789, §101 et seq., *as amended,* 40 P.S. §21 et seq.

take out a policy of insurance in another company . . . insuring against similar risks.

Section 639 of the Act, 40 P.S. §279, provides that:

Upon satisfactory evidence of the violation of any of the provisions of sections . . . six hundred thirty-eight of this act by any agent or solicitor of any insurance company . . . or by any insurance broker . . . the Insurance Commissioner may in his discretion, pursue any one or more of the following courses of action . . .:

(1) Suspend or revoke or refuse to renew the license of such offending party or parties;

(2) Impose a civil penalty of not more than one thousand dollars for each and every act in violation of any of said sections by said party or parties.

On June 10, 1974, Appellant called on one Mr. Raudabaugh for the purpose of selling accident and health insurance to him. Raudabaugh was already covered by Columbia Accident and Health Insurance Company. Mr. Billys, a licensed agent of Columbia Accident and Health Insurance Company, sold him the policy. At the time, Mr. Billys was affiliated with the Columbia Insurance Agency.

After a hearing at which Appellant was represented by counsel, Commissioner made the following findings:

"3. On June 10, 1974 Respondent visited the home of Ray E. Raudabaugh for the purpose of selling him accident and health insurance. (N.T. 11.)

"4. At the aforesaid time and place Respondent represented to Mr. Raudabaugh the following:

"a. Columbia Accident and Health Insurance Company was not paying claims, giving three examples.

"b. The Camp Hill office of 'Columbia' was closed.

"c. Agent Charles Billys was no longer with 'Columbia'. (N.T. 12)

"5. Respondent implied that Columbia Accident and Health Insurance Company was in financial difficulty and about to go out of business. (N.T. 12)

"6. The above representations were unsolicited by Mr. Raudabaugh and offered voluntarily by Respondent.

"7. In response to Mr. Raudabaugh's request to examine some of the insurance material at home for a few days, Respondent stated that she would not leave the material and that if Mr. Raudabaugh did not purchase the policy that day he would not be eligible to buy it until someone sponsored him at some later date. (N.T. 12)

"8. Respondent told Mr. Raudabaugh to continue to hold his present Columbia policy until the waiting period on the new policy expired, and then let the Columbia policy expire when due for renewal. (N.T. 29)

"9. Mr. Raudabaugh purchased an accident and health policy from Respondent as a result of the above representations. (N.T. 13)

"10. Columbia Accident and Health Insurance Company is not in financial difficulty and is not about to go out of business.

"11. The Camp Hill office of Columbia known as the Columbia Insurance Agency, which has been operated as a partnership, has been closed for an accounting between the partners. (N.T. 33, 34, 44)

"12. Charles Billys who had sold Mr. Raudabaugh his Columbia Accident and Health policy is now and at all times material hereto a licensed agent of Columbia Accident and Health Insurance Company actively engaged in the sale of insurance although he no longer works for the Columbia Insurance Agency. (I.D. 7, N.T. 10)"

164

Appellant contends that these findings are not supported by substantial evidence. We must disagree. Our review of the record satisfies us without peradventure that there was substantial evidence to support Commissioner's findings. Moreover, the legal conclusion that Appellant violated Section 638 of the Act is supported by these findings.

Appellant next contends that the penalties imposed are excessive. We may not substitute our discretion for that of Commissioner where Commissioner has not manifestly abused his discretion in the assessment of a dollar penalty under Section 639 of the Act. *Wallace v. Insurance Department of the Commonwealth of Pennsylvania*, 9 Pa. Commonwealth Ct. 567, 308 A.2d 162 (1973). We find no such abuse here.

Accordingly, we

ORDER

AND Now, this 17th day of November, 1976, the order of the Insurance Commissioner is affirmed and the appeal is dismissed.