524 A.2d 544

Philip Schwartz, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Commissioner, Respondent.

Submitted on briefs February 27, 1987, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Gene D. Cohen,* for petitioner.

*James A. M. Zarrella,* Assistant Counsel, with him, *M. Hannah Leavitt,* Acting Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 21, 1987:

This is an appeal by Philip Schwartz, Petitioner, who appeals here an order of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) who denied his application for an insurance public adjuster's license. We affirm.

Schwartz had been licensed by the Insurance Department (Department) as a public adjuster since 1964 when, on January 12, 1979, he was convicted in federal court of aiding and abetting and mail fraud in violation of 18 U.S.C. §1341. The conviction arose out of Schwartz's conspiring with others to knowingly submit false insurance claims for damages arising out of an arson fire of a furniture store set by his codefendants. As a result of that conviction, he was sentenced to two years in prison and five years probation. The Department

revoked his public adjuster's license on December 29, 1981, pursuant to Section 6 of the Act of December 20, 1983 (Public Adjuster Act), P.L. 260, 63 P.S. §1606, as a result of his 1979 conviction. No appeal was filed from that revocation.

Schwartz was released from prison on June 18, 1981 and released one year early from his probationary term. Since his release, he has been gainfully employed and currently is employed by Clark and Cohen in Philadel-phia, Pennsylvania, running errands and preparing inventories. He sat for and passed the examination for a public adjuster's license and submitted a proper application for a public adjuster's license to the Department. If granted the license, Schwartz would be employed as a public adjuster by his current employer, Clark and Cohen. The Commissioner found that he was not trustworthy to transact business as a public adjuster and denied Schwartz's application. This appeal followed.

The sole issue presented by Schwartz in this appeal is whether the Commissioner abused his discretion in finding him untrustworthy in light of the multitude of character witnesses who testified on his behalf. In reviewing this contention, we are mindful that under our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we are required to affirm the Commissioner's order unless necessary findings are unsupported by substantial evidence, an error of law committed, or a constitutional right of the petitioner has been violated.

Section 2(b) of the Public Adjuster Act, 63 P.S. §1602(b), gives the Commissioner considerable discretion in issuing public adjuster's licenses. Section 2(b) provides, in pertinent part, that:

When the Insurance Commissioner is satisfied that the applicant is trustworthy and competent to transact business as a public adjustor and

public adjustor solicitor, respectively, in such manner as to safeguard the interest of the public, he shall issue a license.

Section 2(b) of the Public Adjuster Act thus vests the discretion to determine competency and trustworthiness in the Commissioner. While competence may be objectively determined through an examination, such as the one Schwartz passed prior to submitting his license application, trustworthiness is a subjective determination which the Commissioner must make based upon the whole record before him. We have previously held that we shall find such an official abused his discretion only where the adjudication. is not supported by substantial evidence. *See Insurance Department v. Johnson,* 211 Pa. Superior Ct. 138, 142, 238 A.2d 23, 25 (1967), *aff'd,* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied, Johnson v. Pennsylvania Insurance Department,* 394 U.S. 1003 (1969); *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

The record before us discloses that Schwartz acting in his capacity as a licensed public adjuster participated in an insurance fraud by knowingly submitting false insurance claims resulting from an arson to an insurance company. That evidence is uncontradicted and conceded by Schwartz. His conviction for mail fraud is both directly involved in the profession for which he now desires a license and the issue of trustworthiness on which that license was denied. In support of his application for a license, Schwartz presented testimony from eleven long-time friends and business associates, all of whom had known him prior to his 1979 conviction. Whether that testimony was sufficiently credible to carry Schwartz's burden of showing his present trustworthiness was a matter for the Commissioner's determination. The Commissioner was entitled to discount that

testimony in his role as fact finder as evaluating witness credibility and evidentiary weight is for the fact finder, here the Commissioner, and not an appellate court. *Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987). The fact that a reviewing court may have exercised its discretion in a manner different from that exercised by the official does not empower the court to substitute judicial discretion for administrative discretion where the official's discretion is supported by substantial evidence. *Eways v. Reading Parking Authority,* 385 Pa. 592, 124 A.2d 92 (1956); *Insurance Department v. St. Luke's Hospital,* 21 Pa. Commonwealth Ct. 10, 342 A.2d 773 (1975). Since we have determined that the Commissioner's adjudication is supported by substantial evidence, there has been no abuse of discretion and we shall affirm his order denying Schwartz a public adjuster's license.

## ORDER

NOW, April 21, 1987, the Order of the Insurance Commissioner of the Commonwealth of Pennsylvania at No. A85-5-4, dated January 16, 1986, that denied the application of Philip Schwartz for a public adjuster's license, is hereby affirmed.