525 A.2d 1258

William R. Novak, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued April 21, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*William R. Balaban, Balaban and Balaban,* for petitioner.

*Arthur Selikoff,* Assistant Counsel, with him, *M. Hannah Leavitt,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 20, 1987:

Petitioner, William R. Novak, appeals here an adjudication of the Insurance Department of Pennsylvania (Department) revoking his insurance agent's license. The Department determined that he was unworthy to conduct insurance business in this Commonwealth as a

result of his federal conviction for bank embezzlement, 18 U.S.C. §656.

The following facts are undisputed and pertinent to our resolution of this case. Novak was an assistant vice president and branch manager of the Moxham National Bank in Johnstown, Pennsylvania, during 1982 and early 1983. During that time, he fabricated customer loan applications and embezzled the proceeds, totaling $28,000.00, converting them to his personal use. The Bank fired him in March, 1983, and on May 12, 1983, he was issued an insurance agent's license by the Department. On July 20, 1984, he was charged by federal authorities on one count of bank embezzlement. He pleaded guilty to the charge and was accordingly convicted and sentenced to five years imprisonment. The five year prison term was suspended and he was placed on probation for five years. The Department instituted proceedings to revoke his insurance agent's license and, after a hearing was held on June 24, 1985, the Insurance Commissioner issued an order and adjudication on March 18, 1986, revoking his license as an insurance agent.

In this appeal, Novak presents two assignments of error wherein he contends that the Department erred (1) when the hearing examiner failed to orally advise him of his right to counsel even though he was previously advised in writing of that right; and (2) that the Commissioner failed to properly consider mitigating evidence when he imposed the penalty of license revocation. We shall consider these issues seriatim, mindful, of course, that under our limited scope of review pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm the Department's adjudication unless necessary findings are unsupported by substantial evidence, an error of law was committed, or a constitutional right of the petitioner was violated.

*Schwartz v. Insurance Commissioner,* 105 Pa. Commonwealth Ct. 336, 524 A.2d 544 (1987).

Novak's first contention is that he was denied due process when the hearing examiner failed to orally advise him at his hearing of his right to counsel. While he concedes he was notified in writing of his right to counsel, Brief for Petitioner at 20, he argues that due process required that the hearing examiner orally inform him of that right when he appeared at the hearing on June 24, 1985, unrepresented. In support of this contention, he calls our attention to our decision in *Brennan v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 265, 487 A.2d 73 (1985).

The right to counsel representation at Commonwealth agency hearings is found in Section 502 of the Administrative Agency Law, 2 Pa. C. S. §502. Section 502 provides that "[a]ny party *may* be represented before a Commonwealth agency." (Emphasis added). In *Brennan,* Judge WILLIAMS wrote that due process requires that the hearing officer advise an uncounseled unemployment compensation claimant of the right to counsel. 87 Pa. Commonwealth Ct. at 270, 487 A.2d at 77. Novak's reliance upon the holding in *Brennan,* however, is misplaced, since *Brennan* was based upon a regulation promulgated by the Department of Labor and Industry, 34 Pa. Code §101.21(a), that is applicable only to unemployment compensation proceedings. That regulation specifically requires unemployment compensation hearing officers to advise claimants who appear before them unrepresented of their rights, including the right to counsel. *See e.g. Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981); *Williams v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 251, 484 A.2d 831

(1984); *Hoffman v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981). Supporting *Brennan's* reliance upon 34 Pa. Code §101.21(a) is our well-established principle that Commonwealth agencies must follow their own regulations. *See e.g. SmithKline Beckman Corp. v. Commonwealth*, 85 Pa. Commonwealth Ct. 437, 482 A.2d 1344 (1984), *aff'd*, 508 Pa. 359, 498 A.2d 374 (1985); *Kunkelman v. Pennsylvania Board of Probation and Parole*, 40 Pa. Commonwealth Ct. 149, 396 A.2d 898 (1979). Our research has revealed no counterpart to 34 Pa. Code §101.21(a) in either the Department's regulations or the general provisions governing formal proceedings of Commonwealth agencies contained in 1 Pa. Code §§31.1-35.193 and 35.225-35.251.

In view of the circumstances of this case, we are satisfied that Novak was aware he could have hired an attorney to represent him and he voluntarily chose to represent himself. The Department notified him, in writing, of his right to retain counsel, specified the charges against him, and the possibility that his insurance agent's license could be revoked. R.R. 14A-21A. Being aware that he could have hired an attorney to represent him and that the Department could revoke his insurance agent's license, we view the fact that he appeared at the June 24, 1985, hearing fully prepared to represent himself to constitute a knowing and voluntary waiver of his right to representation. In so holding, we note that the requirements for effectuating a knowing and voluntary waiver of counsel depends upon the nature of that right. *Cf. Coades v. Pennsylvania Board of Probation and Parole*, 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984), *petition for allowance of appeal denied*, No. 143 M.D. Allocatur Dkt. 1984 (Pa., filed March 13, 1985) (since parolee's right to counsel is not as strongly protected as is a criminal defendant's, the re-

quirements to effectuate an effective waiver of that right are not as stringent). A parolee's right to counsel, in turn, is afforded more protection in view of the liberty, as opposed to a property, interest involved, than do claimants or respondents in proceedings before other Commonwealth agencies. *Compare Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986) (parolee entitled to effective assistance of counsel) *with Rosenthal v. State Board of Pharmacy,* 73 Pa. Commonwealth Ct. 132, 457 A.2d 243 (1983); *Johnson v. Workmen's Compensation Appeal Board (Bernard S. Pinkus Co.),* 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974) (no right that counsel's assistance be effective). Thus, where no regulation requires a hearing officer to specifically remind a party of his or her right to counsel where the party has been previously advised of that right in writing, the fact that the party appears prepared to proceed pro se constitutes a knowing and voluntary waiver of that right. Therefore, the fact that the hearing examiner did not orally advise Novak of his right to counsel did not render his waiver ineffective, in that he was aware he could have hired an attorney and made the conscious decision to represent himself. On the basis of the facts presented here, we find no due process violation based upon the hearing examiner's failure to orally advise Novak of his right to counsel at the June 24, 1985, hearing.

Novak's other contention is that the Department did not properly consider the mitigating evidence presented by him at the June 24, 1985, hearing. Under Section 639 of the Insurance Department Act of 1921 (Act), Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §279, the Commissioner is required to give consideration to any mitigating circumstances in an insurance license revocation proceeding. Specifically, Novak argues that the lack of a statement or notation in the Department's ad-

judication to the effect that mitigating circumstances were considered compels the conclusion that they were, in fact, not considered. In so arguing, Novak relies upon our decision in *Romano v. Insurance Commissioner,* 45 Pa. Commonwealth Ct. 19, 404 A.2d 758 (1979), wherein this Court held that the Commissioner had given sufficient consideration to the mitigating circumstances presented by the petitioner where those circumstances were specifically noted in the Commissioner's adjudication. The lack of such a notation in the Department's adjudication here, Novak argues, indicates that the mitigating circumstances were not sufficiently considered. We respectfully disagree.

While the notation of mitigating circumstances in an adjudication is sufficient to show that they were duly considered under Section 639, we are not willing to hold that the lack of such a notation is tantamount to a finding that such circumstances were not sufficiently considered. Thus, the mere absence of a statement or notation of mitigating circumstances in an adjudication does not raise a presumption that they were not sufficiently considered. In our more recent decision in *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984), we held that the Parole Board's failure to note or otherwise mention in a parole revocation order the mitigating circumstances presented by the parolee did not imply that the Parole Board failed to consider that evidence. While a parole revocation order is not an "adjudication" under Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101, the rationale is nevertheless applicable to the case at bar. We duly note that the Department did give some credence to Novak's mitigating circumstances as evidenced by its conclusion that a monetary fine would be inappropriate under the circumstances presented by this case.

In an insurance agent license revocation proceeding, it is the Commissioner who is the ultimate fact-finder and whose duty it is to evaluate witness credibility, weigh evidence, and resolve conflicts in the evidence. *Cf. Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984) (Parole Board, not an appellate court, is ultimate fact-finder); *Kundrat v. Pennsylvania State Dental Council and Examining Board*, 67 Pa. Commonwealth Ct. 341, 447 A.2d 355 (1982) (State Dental Council is ultimate fact-finder); *Boughter v. Department of Public Welfare*, 55 Pa. Commonwealth Ct. 521, 423 A.2d 806 (1980) (Welfare Department is ultimate fact-finder); *Carr v. State Board of Pharmacy*, 48 Pa. Commonwealth Ct. 330, 409 A.2d 941 (1980). Therefore, an appellate court will not substitute its discretion for that of the Commissioner or the Department in matters of evidentiary weight or witness credibility. *Cf. Chapman, Carr.*

We also recognize that the Commissioner is given broad discretion to determine the penalties imposed under Section 639. *Gelinas v. Insurance Department*, 27 Pa. Commonwealth Ct. 160, 365 A.2d 884 (1976). Absent an abuse of that discretion, an appellate court will not interfere with the discretion of the Commissioner. *Id.* The facts as found by the Department are undisputed by Novak and supported by substantial evidence. Of those facts, Novak's conviction for bank embezzlement makes a *prima facie* case that he is unworthy to be licensed to conduct the business of insurance in this Commonwealth, even though the conviction was not connected with Novak's employment as an insurance agent. *See Fumo v. Insurance Department*, 58 Pa. Commonwealth Ct. 392, 427 A.2d 1259 (1981). We cannot say that the Department or the Commissioner committed an abuse of discretion in finding that Novak's

mitigating evidence did not outweigh his bank embezzlement conviction, an offense directly concerned with fraud and moral turpitude. Thus, where the decision of the Department is supported by substantial evidence, as is the case here, our appellate courts have held that there is no abuse of discretion. *Insurance Department . v. Johnson,* 211 Pa. Superior Ct. 138, 238 A.2d 23 (1967), *aff'd,* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied, Johnson v. Pennsylvania Insurance Department,* 394 U.S. 1003 (1969).

For the foregoing reasons, we shall affirm the Department's adjudication.

ORDER

Now, May 20, 1987, the Order of George F. Grode, the Acting Insurance Commissioner of Pennsylvania at Docket No. A84-7-9, dated March 18, 1986, revoking the license of William R. Novak to conduct the business of insurance in the Commonwealth of Pennsylvania, is hereby affirmed.