# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Junior Gonzalez,                                   :
                              Petitioner            :
                                                   :
          v.                                       :     No. 740 C.D. 2016
                                                   :     Submitted: October 14, 2016
Bureau of Professional and                         :
Occupational Affairs,                              :
                              Respondent            :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 25, 2017**

In 2014, Junior Gonzalez (Petitioner) pled guilty to various felony drug offenses and was sentenced to numerous years in a state correctional facility. As a civil collateral consequence of those convictions, and after notice and a hearing, his state-issued barber's license was revoked.

Representing himself, Petitioner petitions for review of the April 2016 order of the State Board of Barber Examiners (Board) revoking his license to practice barbering because of his felony convictions. Petitioner contends that he was denied due process for several reasons. First, he argues that the Board misled him as to the correct statutory authority for the license revocation. Second, Petitioner contends his hearing "was conducted in ambush"[1] because the Board's

---

[1] Pet. for Review at 4; Pet'r's Br. at 6.

denial of his motion for appointment of counsel amounted to inadequate representation, and because his first language is Spanish. Upon review, we affirm.

## I. Background

According to the later-developed record, Petitioner earned his Pennsylvania barber's license in 2010 during a prior stay in prison. The barbering program was designed to give Petitioner a profession so he would be a better person when he was no longer in prison. The license would have been current through April 2016, and could have been renewed upon filing appropriate documentation and payment of fees.

On March 18, 2014, Petitioner pled guilty to two felony counts for violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act.[2] As a result of these convictions, Petitioner was sentenced to 4 to 10 years in a state correctional institution and 10 years of probation, concurrent. Certified Record (C.R.), Item No. 1, ¶¶14-15, Exs. A-B. Petitioner does not dispute these convictions. The convictions did not arise from actions in a barber shop.

In January 2015, the Bureau of Professional and Occupational Affairs (Bureau) filed an order to show cause why the Board should not suspend, revoke or otherwise restrict his barber's license as a result of his felony convictions. The Bureau brought the show cause order pursuant to "the Barber License Law, Act of

_____

[2] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-113(a)(30). On that same date, Petitioner also pled guilty to one felony count for violating Section 903(c) of the Crimes Code, 18 Pa. C.S. §903(c).

2

June 13, 1931, P.L. 589, No. 202, ('Act'), *as amended*, 63 P.S. §§551-576," and "the Criminal History Record Information Act [CHRIA,] [18 Pa. C.S. §§9101-9183] …." C.R., Item No. 1, at 2. The show cause order stated the proceedings would be conducted in accordance with Sections 501-508 and Sections 701-704 of the Administrative Agency Law, 2 Pa. C.S. §§501-508, §§701-704, and the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §§31.1-35.251. Id. at 2, 7.

Petitioner filed an answer in which he admitted his convictions. He requested a hearing to prove that he did not practice as a barber at the time of his arrest, and he asserted that revoking his license would limit his ability to make a living upon his release from prison. C.R., Item No. 4.

After a hearing was scheduled, Petitioner requested a telephonic hearing, the assistance of an interpreter, and appointment of counsel. C.R., Item Nos. 5-6. The hearing examiner issued an order denying Petitioner's request for appointment of counsel because the law did not provide for appointment of counsel in an administrative proceeding. C.R., Item No. 7. The hearing examiner also issued an order granting Petitioner's request for telephonic testimony and for the assistance of an interpreter. C.R., Item No. 8.

In June 2015, the hearing examiner held a hearing. Petitioner testified via telephone from prison without counsel. Leslie Tabarez, an interpreter certified by the Administrative Office of Pennsylvania Courts, attended the hearing and

3

provided interpretation services for Petitioner. The Bureau presented its case through documentary evidence.

In July 2015, the hearing examiner issued a proposed adjudication and order. C.R., Item No. 10. The hearing examiner concluded Petitioner received reasonable notice of the charges against him and an opportunity to be heard. The hearing examiner also concluded Petitioner is subject to discipline under Section 9124(c)(1) of CHRIA, 18 Pa. C.S. §9124(c)(1), because of his felony convictions. The hearing examiner proposed revoking Petitioner's barber's license.

Petitioner filed a letter brief on exceptions, asking the Board to consider disciplining him only for felony or misdemeanor convictions relating to his profession. C.R., Item No. 12.

After reviewing the record, the Board concluded the findings of fact, conclusions of law and discussion of the hearing examiner were supported by substantial evidence. The Board issued a final adjudication and order adopting the findings of fact, conclusions of law and discussion of the hearing examiner. C.R., Item No. 15. In the April 2016 final adjudication and order, the Board also added discussion. Id. at 1-3.

The Board's added discussion addressed Petitioner's brief on exceptions. The Board rejected Petitioner's claim that under CHRIA he should be disciplined only when the felony conviction relates to his profession. The Board also rejected Petitioner's argument that revoking his barber's license would set him

4

up for failure when released from prison. Further, the Board found the nature of Petitioner's conduct "far outweighs any mitigation that was presented." Id. at 3. Thus, the Board revoked Petitioner's barber's license. Id. Petitioner's appeal to this Court followed.

## II. Issues

On appeal,[3] Petitioner raises two issues. Petitioner first argues the Board denied him due process and committed legal error. Specifically, Petitioner asserts he received notice that the Board intended to revoke his license under the Barber License Law, but revoked his license for conviction of a felony under CHRIA. Citing Section 9(a) of the Barber License Law,[4] 63 P.S. §559(a), he argues, his license could not be revoked under that statute because none of the offenses for which he was convicted related to his profession. Petitioner claims that he was not adequately notified of the statutory basis for the revocation of his license, and that the proper remedy is a reversal of the Board's decision.

Petitioner also briefly argues his hearing "was conducted in ambush" because the Board denied his motion for appointment of counsel, which amounted to inadequate representation, and because his first language is Spanish.

---

[3] Our review of a licensing board decision is limited to determining whether the findings of fact were supported by substantial evidence and whether the board committed errors of law or constitutional violations. Kirkpatrick v. Bureau of Prof'l & Occupational Affairs, State Bd. of Barber Exam'rs, 117 A.3d 1286 (Pa. Cmwlth. 2015).

[4] Act of June 19, 1931, P.L. 589, as amended.

5

The Board counters that Petitioner failed to comply with the Pennsylvania Rules of Appellate Procedure regarding the form and content of his brief; therefore, this Court should dismiss Petitioner's appeal. The Board also argues most of Petitioner's claims (with the exception of denial of appointed counsel) are waived because he raises them for the first time on appeal to this Court. In particular, any claim that Petitioner was not sufficiently notified that CHRIA would be the basis for license revocation was not preserved. In the alternative, the Board asserts Petitioner received all process he was due through the notice of charges against him and an opportunity to participate in the administrative hearing with the assistance of an interpreter.

### III. Discussion
### A. Defects in Brief

At the outset, the Board argues Petitioner's Brief to this Court contains defects in form and content which substantially impede meaningful review. However, despite obvious defects in Petitioner's brief, we are able to discern Petitioner's arguments; accordingly, we decline the invitation to dismiss Petitioner's appeal. See Woods v. Office of Open Records, 998 A.2d 665 (Pa. Cmwlth. 2010) (meaningful review possible when court able to discern arguments of a *pro se* appellant).

### B. Waiver

As to waiver of issues for failure to raise them before the Board, we agree that Petitioner never complained to the hearing examiner or the Board about the quality of interpretation services rendered during the hearing. Therefore, Petitioner may not now complain that those services were inadequate. In addition,

6

Petitioner fails to direct our attention to any specific portion of the transcript which supports his bare claim, and our review of the transcript does not reveal any obvious problems in translation. Thus, any claim for insufficient translation services is not adequately developed for meaningful appellate review.

However, because of Petitioner's consistent reliance on facts relevant to discipline under the Barber License Law, we decline to find waiver of his arguments concerning proper notice of the statutory basis for license revocation. Further, the Board concedes that Petitioner preserved his due process argument based on the refusal to appoint counsel. Those two arguments are examined below.

It is worth noting that Petitioner does <u>not</u> raise the legal argument he made to the Board on exceptions (that a proper interpretation of CHRIA does not authorize discipline against his license based on acts which did not involve his profession).[5] Therefore, that issue is not before us.

---

[5] The Dissenting Opinion incorrectly states that Petitioner preserved his challenge to the suspension of his barber's license through the application of CHRIA because he wrote "none of the offenses for which he was convicted of related to his profession," on page six of his brief to the Court.

In his brief to the Court, Petitioner concedes that CHRIA Section 9124(c)(1), 18 Pa. C.S. §9124(c)(1), specifically authorizes revocation of his license "[w]here the applicant has been convicted of a felony." Br. of Pet'r at 6.

Instead, Petitioner argues that the Board should have been restricted to applying Section 9(a) of the Barbers License Law, 63 P.S. §559(a). After quoting that provision, he writes,

> Petitioner avers that <u>the above section of the Barber's Law should have governed</u> his revocation hearing because this is the notice he received from the Board. Under the above criteria petitioner would not have been eligible for his Barber License to be revoked

**(Footnote continued on next page…)**

## C. Merits
### 1. Sufficiency of Notice

With respect to the sufficiency of notice of the statutory basis for license revocation, we discern no merit in Petitioner's argument, for several reasons.

First, Petitioner was aware he faced sanction against his barber's license. The show cause order states, with emphasis added: "[f]ormal disciplinary action has been filed against you. <u>You may lose your license, certificate, registration or permit to practice your profession or occupation</u>." C.R., Item No. 1, Notice, 1/28/15, at Dkt. No. 0136-42-15.

Second, and more relevant to the current inquiry, Petitioner was notified in writing as to the factual and statutory basis for proposed discipline. The first paragraph of the show cause order states the Bureau brought this action pursuant to the Barber License Law <u>and</u> CHRIA. C.R., Item No. 1 at 1. Further, paragraph 18 of the show cause order specifically notified Petitioner: "Based upon the foregoing, <u>the Board is authorized to suspend or revoke [Petitioner's] license to practice as a barber under 18 Pa. C.S.A. [sic] §9124(c)(1) of the CHRIA because [Petitioner] has been convicted of a felony</u>." Id. at 5, ¶18 (emphasis added). The

---

**(continued…)**

<u>because none of the offenses for which he was convicted of related to his profession</u>.

Id. (emphasis added). Clearly, Petitioner is arguing about application of the Barbers License Law, not CHRIA.

8

show cause order further advised Petitioner that it may impose other penalties, in addition to suspending or revoking his license, if the Board found the factual allegations true and correct. C.R., Item No. 1 at 6-7.

Third, Petitioner demonstrated his awareness of the statutory bases for the proposed discipline against his license. In Petitioner's motion for extension of time to respond, Petitioner specifically acknowledged he received notice of formal disciplinary action filed against him pursuant to the Barber License Law and CHRIA. C.R., Item No. 3 at 1, ¶1.

Given the foregoing, we reject as meritless Petitioner's challenge to the Board's action on the basis of insufficient notice of the controlling law.

## 2. Appointed Counsel

Regarding the right to appointed counsel in a license suspension proceeding, we discern no merit in Petitioner's claims. The Barber License Law does not support Petitioner's claim of a denial of due process. Section 9(a) of the Barber License Law, 63 P.S. §559(a), sets forth the process due in license revocation hearings, and that process does not include appointed counsel.[6]

---

[6] Section 9(a) of the Barber License Law, 63 P.S. §559(a), provides in relevant part, "Before any such license shall be suspended, or revoked for any of the reasons contained in this section, the holder thereof shall have notice in writing of the charge or charges against him or her, and shall be given a public hearing before a duly authorized representative of the board with a full opportunity to produce testimony in his or her behalf and to confront the witnesses against him or her."

Similarly, Sections 502, 503 and 504 of the Administrative Agency Law, 2 Pa. C.S. §§502, 503, 504, set forth the process due in hearings before Commonwealth agencies, such as the Board, and that process does not include appointed counsel. In particular, Section 502 of the Administrative Agency Law provides, with emphasis added: "Any party <u>may</u> be represented before a Commonwealth agency." 2 Pa. C.S. §502. While this provision clearly permits a party to have a representative present at an administrative hearing, it is also obvious that the party bears responsibility for securing such representation. <u>Shenk v. Commonwealth, State Real Estate Comm'n</u>, 527 A. 2d 629 (Pa. Cmwlth. 1987).

Moreover, demonstrable prejudice is a key factor in assessing whether procedural due process was denied. <u>D.Z. v. Bethlehem Area Sch. Dist.</u>, 2 A.3d 712, 720-21 (Pa. Cmwlth. 2010) (where appellant fails to specify how she suffered prejudice, no procedural due process violation is apparent). Here, Petitioner does not explain how the assistance of counsel could have altered the result of these license revocation proceedings. This is especially true where, as here, the underlying conduct was admitted.

Further, the record reveals Petitioner knowingly relinquished his right to representation by counsel of his choosing. The NOTICE contained on the cover page of the show cause order stated: "You have the right to retain an attorney. Although you may represent yourself without an attorney, you are advised to seek the help of an attorney." C.R., Item No. 1, Notice.

10

At the beginning of the hearing, the hearing examiner reminded Petitioner of his right to an attorney. Petitioner agreed to proceed without one:

> Hearing Examiner: Are you aware that the law permits you to be represented by an attorney at this hearing at your own expense?
>
> Mr. Gonzalez [Petitioner]: Yes.
>
> Hearing Examiner: And are you deciding to represent yourself this morning and to proceed without an attorney?
>
> [Petitioner]: They can't give me a lawyer, I have to pay for one?
>
> Hearing Examiner: Is that a question?
>
> [Petitioner]: Yes.
>
> Hearing Examiner: No, we cannot provide an attorney for you because this is not a criminal proceeding.
>
> [Petitioner]: Then I would like to proceed because I'd like to resolve this situation in the best way possible.

Department of State, State Board of Barber Examiners' Hr'g, Notes of Testimony, 6/17/15, at 7-8.

Petitioner received notice of his right to representation when the charges were filed and at the administrative hearing. Petitioner made the decision to proceed without counsel.

In sum, the record makes clear Petitioner was afforded full due process from the outset. Petitioner received full and proper notice of the charges against him, the possible resulting discipline against his barber's license, and the

11

ability to participate in a formal hearing by telephone with the assistance of an interpreter.

## IV. Conclusion

For the above reasons, we discern no error or abuse of discretion in the Board's April 2016 final adjudication and order revoking Petitioner's license to practice barbering in the Commonwealth of Pennsylvania. Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Junior Gonzalez,                              :
                        Petitioner            :
                                              :
            v.                                :       No. 740 C.D. 2016
                                              :
Bureau of Professional and                    :
Occupational Affairs,                         :
                        Respondent            :

# **O R D E R**

**AND NOW**, this 25th day of January, 2017, the order of the State Board of Barber Examiners in the above-captioned matter is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Junior Gonzalez, : 
             Petitioner : 
              : 
         v. : 
              : 
Bureau of Professional : 
and Occupational Affairs, : No. 740 C.D. 2016
             Respondent : Submitted: October 14, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

CONCURRING AND DISSENTING
OPINION BY JUDGE COSGROVE      FILED: January 25, 2017


      While I concur in the Majority's opinion that Petitioner's brief is not so defective as to require our dismissal of his appeal, I cannot agree that Petitioner has not sufficiently raised the legal argument he presented to the Board, namely, that CHRIA does not authorize the discipline we are permitting here. Although his pro se brief may be somewhat inartfully drafted, there should be no difficulty in discerning Petitioner's challenge to the suspension of his barber's license through application of CHRIA since "none of the offenses for which he was convicted of related to his profession." Brief of Petitioner at 6.[1] Nonetheless, the Majority

---

[1] The Majority believes this dissenting opinion "incorrectly states that Petitioner preserved his challenge to his barber's license through application of CHRIA." (Majority Opinion at fn 5.) I cannot agree with the Majority in this regard, since I believe that "in the

dismisses this portion of Petitioner's claim, stating that this "issue is not before us." On this point, I must dissent.

Not only is the issue of whether CHRIA allows for suspension of the barber's license in a case such as this adequately presented, its merit is of significant importance. As the Majority notes, "Petitioner earned his Pennsylvania barber's license in 2010 during a prior stay in prison. The barbering program was designed to give Petitioner a profession so he would be a better person when he was no longer in prison. The license would have been current through April 2016, and could have been renewed upon filing appropriate documentation and payment of fees." *See Majority Opinion* at 2.

Indeed, the Department of Corrections (DOC) has established its Barber/Cosmetology Program "in conjunction with the Pennsylvania Board of Barber Examiners and State Board of Cosmetology [to] provide[] vocational training to certain eligible inmates." Administrative Directive 807 (DC-ADM 807). [2] In order to participate in this program, an inmate, among other considerations, "must have ***more than*** 18 months to serve until the expiration of his/her minimum sentence," but may also be eligible even if the inmate is a

_____

interest of justice we [can] address the arguments that can reasonably be discerned from this defective brief." *Commonwealth v. Lyons,* 833 A.2d 245 (Pa. Super. 2003). While the Majority is apparently unable to "reasonably … discern[]" from Petitioner's brief his view that a proper interpretation of the law does not permit the discipline he faces, I do not have a similar difficulty. Thus, I dissent.

[2] DC-ADM 807 has been amended over the years. At the time Petitioner enrolled in this program, the directive was even more restrictive. *See Garrison v. Department of Corrections,* 16 A.3d 560 (Pa. Cmwlth. 2011). The program was, nonetheless, aimed at those serving significant sentences, and clearly applicable to those convicted of felonies.

"[l]ong-term offender[], ... includ[ing one] serving a life sentence ..." *Id*. at 807 §1(B)(2)(a)(b)(emphasis in original). Given its availability only to inmates who have had maximum sentences of at least three years imposed on them,[3] and its further availability even to inmates serving "long-term" sentences, it is clear that this program envisions assisting convicted felons as they prepare to one day return to society or to at least be more productive in their extended incarceration.

But while one governmental body (DOC) extends this vocational possibility to felons, another (the Board) takes it away. Petitioner was licensed through participation in the DOC program, but now because of a subsequent felony conviction unrelated to his barbering vocation, that license is being revoked.

Indeed, Petitioner would not be in this position had he not committed his felonious acts after serving the earlier sentence. But the DOC program does not suggest that such additional criminal conduct will result in the consequence Petitioner now faces. Instead, DC-ADM 807 merely warns "[i]nmates returned for parole violation or serving a new conviction who obtained a barbers/*cosmetology* license during a prior state incarceration may not be re-enrolled into the barber school." *Id*. at 807 § 1(B)(2(c)(emphasis in original). For the Board, it appears that despite DOC's efforts to provide vocational proficiency for inmates, the felony conviction Petitioner earned, in and of itself, now requires revocation of the license to practice that vocation. Given the facial illogic of such a result, I cannot join the

---

[3] Since an inmate must have 18 months remaining on his/her minimum term, the inmate must have had at least a three year maximum term imposed. *See* 18 Pa.C.S. § 9756(b)(1): "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed."

Majority, and therefore, must dissent from the portion of its opinion which holds otherwise.

_____
JOSEPH M. COSGROVE, Judge